## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**PHILIP GODLEWSKI**
 115 Huckleberry Lane,
Duryea, PA 18642.

         *Plaintiff*,

      **vs.**

**JEANETTE JOY GEARY**
1829 Quail Ridge Rd.
Raleigh, NC 27609.
        *Defendant*.

NO.

CIVIL ACTION

JURY TRIAL DEMANDED

## CIVIL ACTION COMPLAINT

Plaintiff, Philip Godlewski ("Plaintiff or Mr. Godlewski"), by and through his undersigned

counsel, Kolman  Law P.C. hereby avers as follows:

### I.      INTRODUCTION

1. Plaintiff has initiated the instant action to redress malicious and unfounded accusations

made by Jeanette Geary ("Defendant or Geary") concerning Plaintiff's conduct and reputation.

The slander by Geary, which was broadcast across the air to thousands of her followers, accuses

Mr. Godlewski of heading a criminal conspiracy to scam the elderly by fraudulently persuading

them, and others over fifty years of age, to pay him money by cashing in their 401(k) 's. Geary,

having decided that Mr. Godlewski is a criminal engaging in unlawful practices, has put a

complaint form to the Pennsylvania Attorney General on her website for the sole purpose of

facilitating bogus complaints about Mr. Godlewski. Defendant has even implied that because she

is such a threat to Mr. Godlewski, he or his henchmen will physically assault her to shut her up.

Defendant has warranted that her accusations are true. They are not. Plaintiff's reptation

and business have been brought into  disrepute.  The  acts  of Defendant  are  so  serious  are  so

damaging that Plaintiff has filed a preliminary injunction as Count  II of the Complaint. Plaintiff,

a Motion for a Preliminary Injunction.

## II.      JURISDICTION AND VENUE

2.      United States District Court for the Middle District of Pennsylvania may exercise

original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1332 in that

the Court has original jurisdiction over all civil actions where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different

states. In this case, Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendant is

a citizen of the North Carolina.

3.      Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C.

§§ 1391(a)(2) because a substantial part of this case, giving rise to Plaintiff's claim, occurred in

this judicial District. In this case, Defendant's actions took place in the Eastern District of

Pennsylvania and affected Plaintiff's reputation and business in this District.

## III.      PARTIES

4.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

5.      Mr. Godlewski is a private citizen and adult individual residing in the

Commonwealth of Pennsylvania located at 115 Huckleberry Lane, Duryea, Pennsylvania 18642.

6.      Defendant is a private citizen of North Carolina with a podcast and website, who

resides at 1829 Quail Ridge Rd, Raleigh, NC 27609.

4865-0769-2040, v. 6

## IV.    FACTUAL BACKGROUND

7.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.    On or about December 21, 2021, Defendant posted an audio file across many social media sites for the sole purpose of slandering Mr. Godlewski.

9.    The subject of the audio file was the Plaintiff.

10.    The content of the audio file was slanderous.

11.    Specifically, Defendant told her audience that complaints by them could be made against Mr. Godlewski by downloading the complaint form on her website, filling it out, and sending it to the Pennsylvania Attorney General who, the Defendant represented, would be very interested in addressing the kind of scams in which the Plaintiff had been engaged.

12.    By endorsing the filing of these complaints, Defendant slandered Mr. Godlewski by telling her audience that Plaintiff was involved in illegal activity sufficiently significant to warrant complaining to the Pennsylvania Attorney General.

13.    Defendant declared that the Plaintiff scammed the elderly and directed his criminal intentions to persons over fifty, presumably because they were more vulnerable and less able to identify Mr. Godlewski's actions as fraudulent.

14.    The Defendant declared that the Plaintiff worked through 'agents' to insulate himself from criminal liability by default therefore, placing Plaintiff at the head of a criminal conspiracy.

15.    Defendant reassured her audience that the presence of these 'agents' would not insulate Mr. Godlewski from the criminal activity he was perpetrating through them.

4865-0769-2040, v. 6

16.     Defendant said that the Plaintiff persuades his audience to cash their 401(k)s, presumably to pay him for his nefarious activities.

17.     Defendant said that to persuade his audience to part with their money, the Plaintiff makes false statements including but not limited to the abolition of the I.R.S. and the return of the United States to the gold and silver standard.

18.     Defendant said that the unlawful profits generated by this illegal scheme are distributed downstream because Plaintiff is the head of an unlawful pyramid scheme.

19.     Defendant reassured her audience that her residence is monitored by video and her front door is locked, and therefore resistant to Plaintiff's possible, indeed probable, attempt to silence her by physical assault or intimidation.

20.     Defendant sent Mr. Godlewski is a criminal currently on intensive probation for fraud and forgery.

21.     The foregoing allegations by the Defendant are slanderous for the following reasons:

> a.  Mr. Godlewski has never been involved in any activity, criminal or otherwise, which would warrant a complaint to the Attorney General of Pennsylvania.
>
> b.  Mr. Godlewski has never scammed the elderly, those over fifty, or anyone else.
>
> c.  Mr. Godlewski does not work through agents. He employs no agents. He is an independent contractor for 7K Metals.
>
> d.  Mr. Godlewski has not and is not a part of any unlawful pyramid scheme.
>
> e.  Mr. Godlewski is not involved, nor is he the head of any criminal enterprise.
>
> f.   7K Metals is not an unlawful pyramid scheme.

4865-0769-2040, v. 6

g.  7K Metals requires a subscription, and Mr. Godlewski makes no money from any subscriptions.

h.  7K Metals has a variety of precious metals to select from.

i.  7K Metals is in good standing with the B.B.B.

j.  7K Metals purchases precious metals from distributors for the least amount of money and passes those savings on to its members.

k.  No one online has claimed about being scammed with shoddy products from 7K.

l.  7K Metals is governed by strict rules and regulations and has a compliance Department.

m.  If Mr. Godlewski had been under intensive probation for fraud and forgery, he would have been rejected by 7K Metals as an independent contractor.

n.  Mr. Godlewski has never requested any person to cash in their 401(k) 's. It is 7K which allows subscribers to roll over their 401(k) 's per its rules and regulations.

o.  Since Mr. Godlewski has never been involved with any criminality and has not employed agents, he cannot head any criminal enterprise.

p.  Defendant's so-called 'agents' are independent contractors for 7K. The Plaintiff does not pay them.

q.  The Plaintiff has never threatened the Defendant or anyone else with physical violence. The implication that the Defendant's safety is at risk from the Plaintiff is slanderous.

4865-0769-2040, v. 6

22.     The defamatory statements described above were broadcast over many social media sites

23.     Because of his followers, the Plaintiff has a high profile on numerous Internet sites.

24.     The Defendant has broadcast these false statements so Plaintiff's followers and prospective subscribers to 7K can hear them.

25.     Defendant's allegations, which masquerade and are warranted as accurate, are false, damaging, and highly offensive to the Plaintiff.

26.     Defendant deliberately, recklessly, and maliciously broadcast the preceding false and defamatory information.

27.     The actions by Defendant entailed communications that were defamatory and continue on the sites to this day.

28.     The foregoing actions by Defendant entailed communications that resulted in special harm to the Plaintiff.

29.     The foregoing actions by Defendant were an abuse of any conditional privilege that may have applied (the existence of any such privilege being expressly denied).

30.     The statements broadcast by Defendant as aforesaid were false.

31.     When the foregoing false statements were broadcast, Defendant knew or should have known that they were false.

32.     Defendant broadcast the foregoing false statements regarding the Plaintiff either intentionally or maliciously, with reckless disregard for their truth or falsity, or negligently and carelessly.

33.     As a direct and proximate result of Defendant's false broadcast as aforesaid, the Plaintiff has been and concurrently is significantly injured in his good name and reputation.

4865-0769-2040, v. 6

34.     The Plaintiff has been brought into scandal and reproach because of the broadcasting (both past and ongoing) of the foregoing false statements.

35.     The Plaintiff has been held up to ridicule, scorn and, contempt among neighbors, business acquaintances, and other members of the public because of the broadcasting of the foregoing false statements.

36.     As a result of the conduct of Defendant, the Plaintiff has sustained significant financial harm, pain and suffering, and severe emotional distress.

37.     In broadcasting the aforesaid defamatory statements, Defendant continues to cause Plaintiff significant financial harm, including damage to Plaintiff's reputation amongst his current and prospective followers.

38.     The Plaintiff has been damaged by and continues to be irreparably damaged by the conduct of Defendant.

39.     Damages alone are insufficient to remedy the conduct described above.

40.     The Damages continue absent equitable relief.

41.     If Defendant is permitted to continue her wrongful conduct as aforesaid, the Plaintiffs will suffer irreparable harm as follows:

>   a.     Plaintiff will lose and continue to lose a substantial number of current and prospective customers and followers; and
>
>   b.     Plaintiff will suffer and continue to suffer a substantial loss of business and profits now and in the future.
>
>   c.     Plaintiff's reputation will be irreparably harmed such that neither he nor his business could recover.

4865-0769-2040, v. 6

## COUNT I
## DEFAMATION-SLANDER

69.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

70.     The Defendant's broadcast of slanderous information, as referenced above, was defamatory because it harmed is reputation and lowered him in the estimation of the community and deterred third persons from associating or dealing with them.

71.     The Defendant's defamatory statements specifically referenced the Plaintiff by name.

72.     Therefore, listeners of the defamatory statements would understand that they applied to the Plaintiff.

73.     Any listener of the defamatory statements would understand their defamatory meaning.

74.     Any listener of the defamatory statements would understand an intent by Defendant to apply her statements to the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant for actual, consequential, and punitive damages, as caused by Defendant's actions in an amount excess of $75,000.00 and any other relief this Court deems just and appropriate as set forth in the ad damnum clause *infra.*

## COUNT II
## PRELIMINARY INJUNCTION

The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

75.     Plaintiff requests a preliminary injunction and incorporates their motion as if set forth in full.

4865-0769-2040, v. 6

76.     Plaintiff has a reasonable probability of success on the merits.

77.     Plaintiff will be irreparably injured by denial of an injunction.

78.     Plaintiff will suffer more significant harm than the Defendant if a preliminary injunction is not granted.

79.     A preliminary injunction is in the public interest.

WHEREFORE, Plaintiff requests that this Court grant a preliminary injunction against the Defendant according to Plaintiff's Motion.

## COUNT III
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

80.     The foregoing paragraphs are fully incorporated herein as though set forth at length.

81.      Defendant's slander was specifically directed and intended to interfere with the Plaintiff's contractual relationship with 7K by bringing him into disrepute.

82.     Defendant had no privilege or justification for her actions.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant for actual, consequential, and punitive damages, as caused by Defendant's actions in an amount excess of $75,000.00 and any other relief this Court deems just and appropriate as set forth in the ad damnum clause *infra.*

## COUNT IV
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE
## CONTRACTUAL RELATIONS

83.     The foregoing paragraphs are fully incorporated herein as though set forth at length.

84.     Defendant's slander was specifically directed and intended to interfere with the Plaintiff's prospective contractual relationships with his followers by bringing him into disrepute.

4865-0769-2040, v. 6

85.    Defendant had no privilege or justification for her actions.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant for actual, consequential, and punitive damages, as caused by Defendant's actions in an amount excess of $75,000.00 and any other relief this Court deems just and appropriate as set forth in the ad damnum clause *infra.*

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff prays that this Court enters an order providing that:

a.    Defendant is to compensate Plaintiff, and make Plaintiff whole for any and all economic losses suffered by him.

b.    Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering and humiliation caused to him by Defendant's actions;

c.    Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the trier of fact to be appropriate to punish the Defendant or her willful, deliberate, malicious and outrageous conduct, and to deter Defendant and other individuals similarly situated from engaging in such misconduct in the future;

d.    Defendant is to ensure that all negative references to Plaintiffs, in any statement and/or in any document are immediately removed;

e.    Plaintiff is to be accorded any and all other equitable and legal relief the Court deems just, proper, and appropriate;

f.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees and costs as provided by applicable Federal and State law;

g.    The Court will maintain jurisdiction over the instant action to ensure Defendant's compliance with its orders therein;

h.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law;

4865-0769-2040, v. 6

      i.   Plaintiff has also endorsed this demand on the caption of this Complaint in

accordance with Federal Rule of Civil Procedure 38(b).

                      Respectfully submitted,

                      KOLMAN LAW, P.C.


              BY:     /s *Timothy M. Kolman*
                      Timothy M. Kolman, Esquire
                      Attorney for Plaintiff
                      414 Hulmeville Avenue
                      Penndel, PA 19047
                      (215) 750-3134



December 29, 2021

4865-0769-2040, v. 6