IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**PHILIP GODLEWSKI**
115 Huckleberry Lane
Duryea, PA 18642

    *Plaintiff*,

    vs.

**JEANETTE JOY GEARY**
1829 Quail Ridge Rd.
Raleigh, NC 27609.
    *Defendant*.

NO.  21-2178-RDM

CIVIL ACTION

JURY TRIAL DEMANDED

BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION

  Plaintiff, by and through his undersigned counsel, hereby submit the following Brief in Support of their Motion for a Preliminary Injunction.[1] The Plaintiffs have filed this Preliminary Injunction simultaneously with their Defamation Complaint against the Defendant.

I.  FACTUAL BACKGROUND

  Plaintiff filed a complaint action to redress malicious and unfounded accusations made by Jeanette Geary ("Defendant or Geary") concerning Plaintiff's conduct and reputation. The slander by Geary, which was broadcast across the air to thousands of her followers, accuses Mr. Godlewski of heading a criminal conspiracy to scam the elderly by fraudulently persuading them, and others over fifty years of age, to pay him money by cashing in their 401(k) 's. Geary, having decided that Mr. Godlewski is a criminal engaging in unlawful practices, has put a complaint form to the Pennsylvania Attorney General on her website for the sole purpose of facilitating bogus complaints

---

[1] Plaintiffs' Complaint (ECF Doc. 1) has already requested injunctive relief.

about Mr. Godlewski. Defendant has even implied that because she is such a threat to Mr. Godlewski, he or his henchmen will physically assault her to shut her up.

Defendant has warranted that her accusations are true. They are not. Plaintiff's reputation and business have been brought into disrepute. The acts of Defendant are so severe, and so damaging that Plaintiff has filed a preliminary injunction as Count II of his Complaint.

## II.  LEGAL ARGUMENT

### a. Standard of Review for Injunctive Relief

Pennsylvania law recognizes a claim for defamation where a plaintiff establishes:

1) the defamatory character of the communication; 2) its publication by the Defendant; 3) its application to the Plaintiff; 4) an understanding by the reader or listener of its defamatory meaning; 5) an understanding by the reader or listener of an intent by the Defendant that the statement refer to the Plaintiff; 6) special harm resulting to the Plaintiff from its publication; [and] 7) abuse of a conditionally privileged occasion. *Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 476 (E.D. Pa. 2010) (citing 42 Pa. Cons. Stat. Ann § 8343(a)). A statement is defamatory if it "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914, 923 (3d Cir. 1990).

It is for the Court to decide whether a statement is defamatory. *U.S. Healthcare, Inc.,* 898 F.2d at 923. In doing so, it "must view the statements in context and determine whether the communication seems 'to blacken a person's reputation or expose him to public hatred, contempt, or ridicule, or to injure him in his business or profession.'" *Emekekwue v. Offor*, 26 F. Supp. 2d 348, 359 (M.D. Pa. 2014) (quoting *Baker v. Lafayette Coll.,* 532 A.2d 399, 402 (Pa. 1987)). "[M]ere insult[s]," such as "expressions of opinion, without more," and those that are "no more

than rhetorical hyperbole or a vigorous epithet" are not defamatory. *Id.* (internal citations omitted).

A plaintiff must generally show "special harm" in order to make out a prima facie defamation claim. See, e.g., *Mzamane,* 693 F. Supp. 2d at 476. "Special harm" is "harm of a material and generally of a pecuniary nature" and "result[s] from conduct of a person other than the defamer or the one defamed which conduct is itself the result of the publication or repetition of the slander." *Restatement (First) of Torts* § 575 cmt. b; *U.S. Healthcare, Inc.*, 898 F.2d at 923. Damage such as "loss of reputation" and "lowered social standing and its purely social consequences," without accompanying "material" harm, is not "special harm." *Restatement (First) of Torts* § 575 cmt. b.

A plaintiff need not establish special harm if the communications at issue are defamatory per se. *NTP Marble, Inc. v. AAA Hellenic Marble, Inc.,* 799 F. Supp. 2d 446, 452 (E.D. Pa. 2011). The defamation per se doctrine originated "to provide a remedy for a person whose reputation was damaged by the very utterance of...defamatory words, even though the person could not point to a specific pecuniary loss." *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 581 n.9 (E.D. Pa. 1999). A statement is defamatory if it "tends so to harm the reputation of another as to lower him [or her] in the estimation of the community or to deter third persons from associating or dealing with him [or her]." *U.S. Healthcare*, 898 F.2d at 923.

For The Court should assess "the effect the [statement] is fairly calculated to produce, the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate." *Corabi v. Curtis Publ. Co.,* 441 Pa. 432, 273 A.2d 899, 907 (1971). If a plaintiff is the target of per se defamation, he or she is merely required to "make a showing of general damage, i.e., proof of reputational harm" or of "personal humiliation." *Synergy,Inc.*, at 581.

Rules of Civil Procedure authorize a district court to order preliminary injunctive relief upon notice to the adverse party. *See* Fed. R. Civ. 65(a)(1).

In considering whether a preliminary injunction should issue, the district courts measure (1) whether the movant has shown a reasonable probability of success on the merits, (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party, and (4) whether granting the preliminary relief will be in the public interest. *Flowserve Corp. v. Burns Int'l Servs. Corp.*, 423 F. Supp. 2d 433, 438 (D. Del. 2006) (*citing to Allegheny Energy, Inc. v. DQE, Inc.,* 171 F.3d 153 (3d Cir.1999)). Accordingly, "the burden of establishing that injunctive relief is warranted rests on the party seeking the relief." <u>Flowserve,</u> 423 F.Supp. 2d at 438 (*citing to Acierno v. New Castle County,* 40 F.3d 645, 653 (3d Cir. 1994)). The primary purpose of a preliminary injunction is to preserve the *status quo* until the merits of the case have been decided. <u>Id</u>.

Federal courts have recognized that "these four factors are not considered in isolation from one another, and no one factor is necessarily dispositive as to whether preliminary injunctive relief is warranted. Rather, the factors interrelate on a sliding scale and must be balanced against each other." *Lee v. Christian Coal. of Am., Inc.,* 160 F. Supp. 2d 14, 26 (D.D.C. 2001) (internal citations and quotations omitted). Furthermore, "a particularly strong showing on one factor may compensate for a weak showing on one or more of the other factors." *Lee,* 160 F. Supp. 2d at 26.

As it relates to the first prong, "the Court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, the Court may grant an injunction even though its own approach may be contrary to the movants' view of the merits. The necessary 'level' or 'degree' of possibility of success will vary according to the Court's assessment of the other factors." *Id*. But, "If the plaintiff makes a particularly weak showing on one factor," courts have

4

stated, "the other factors may not be enough to 'compensate.'" *Id.* [2]

A district court may consider reliable hearsay in ruling on a preliminary injunction motion. *Mullins v. City of New York*, 634 F. Supp. 2d 373, 387 (S.D.N.Y.), *aff'd*, 626 F.3d 47 (2d Cir. 2010). Immediate emotional and psychological injury is generally the type of harm considered "irreparable." *Chalk v. U.S. Dist. Court Cent. Dist. of California*, 840 F. 2d 701, 710 (9th Cir. 1988).

Further, although there is no Pennsylvania case directly on point, both state and federal courts have held that wrongfully accusing a person of being a pedophile is defamation per se. See *Miles v. National Enquirer, Inc*. 38 F. Supp.2d 1226, 1229 ((U.S. Dist. Co. 1999), ( where the Court held that "calling one a 'pedophile' or "sex offender" was defamatory per se.)

In the case of *Brian v. Richardson,* 660 N.E.2d 1126, 1129 (N.Y.App 1995), the New York Court of Appeals, when determining whether the ascription 'pedophile' was defamatory identified three factors to be considered by the Court: "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal readers or listeners that what is being read or heard is likely to be opinion, not fact." *Brian* at 1129  (citations, alteration, and internal quotation marks omitted).

With respect to the last factor, the Court to examined the "over-all context in which the assertions were made," taking into consideration the communication as a whole, as well as its tone and purpose. On that basis, it determined "whether a reasonable [listener] would have believed

---

[2] In that respect the court in Lee also observed that "it is particularly important for the plaintiff to demonstrate a substantial likelihood of success on the merits." Id. at 26-27 (*citing to Benten v. Kessler*, 505 U.S. 1084, 1085, (1992) (*per curiam*); *University of Texas v. Camenisch*, 451 U.S. 390, 394 (1981*); Doran v. Salem Inn, Inc*., 422 U.S. 922, 934 (1975)).

5

that the challenged statements were conveying facts about the [defamation] plaintiff." *DiFolco v. MSNBC Cable L.L.C.,* No. 06 Civ. 4728, 2007 WL 959085, *6 (S.D.N.Y. Mar 30, 2007) (quoting *Brian,* 660 N .E.2d at 1129-30). Finally, even if the statement is one of opinion, it will nonetheless be actionable if it "implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it"-*i.e., Guerrero v. Carva,* 779 N.Y.S.2d 12, 18 (N.Y.App. Div. 1st Dep't 2004).

### b. Plaintiff Meets All Prongs Necessary to Qualify for Injunctive Relief Due to the Defamation by the Defendant.

By virtue of the nature of the defamation, its context, and substance, in addition to its repetition, the Plaintiff has a reasonable probability of success on the merits. This success is based on several factors. First, the allegations against the Plaintiff masquerade as accurate. According to Defendant, they are recent and ongoing. Specifically, she secretes her defamation in a factual context of direct and personal knowledge. She gives the defamation plausibility by stating that whoever can, should file a criminal complaint about the Plaintiff with the Pennsylvania Attorney General. More than that, she says that the Plaintiff is a de facto head of a criminal enterprise, with agents below him, to carry out his nefarious deeds, including scamming the elderly. More plausibility is added by the tarring of Mr. Godlewski as a criminal serving intensive probation as a consequence of fraud and forgery. In other words, Mr. Godlewski is a felon. Notably, the Defendant never mentions 7K, the organization Mr. Godlewski is associated with, as an independent contractor. Since all these accusations are entirely false, the Plaintiff believes that the probability is that he can succeed on the merits.

The conduct Defendant accuses the Plaintiff of is reprehensible and criminal. If the defamation is permitted to continue, the Plaintiff's reputation will continue to be lowered in the estimation of the community. Equally important, it will affect his credibility with his followers

4883-8870-7080, v. 2

and possibly interfere with his independent contractual relationship with 7K. The longer the defamation continues, the more Plaintiff's reputation is damaged, including his business association with 7K.

If a preliminary injunction is not granted, the damage described above will continue, and most of it is irreparable. However, if a preliminary injunction is granted, no harm will come to the Defendant.

Preliminary relief would be in the public interest. The Public is interested in ensuring that no innocent person suffers the false accusation of being a criminal and heading a criminal enterprise. Further, the Public is interested in providing that the reputations of citizens, who have a lot to lose by actions similar to the Defendant's are not gratuitously destroyed by defamatory allegations broadcasted on social media sites. There is no doubt that the purpose of the broadcast is to communicate fake and defamatory facts to the public, thereby making the defamation all the more plausible and more damaging.

### III. CONCLUSION

For the reasons set forth above, it is respectfully submitted that Plaintiff's'motion should be granted.

Respectfully submitted,

BY: /s*Timothy M. Kolman*
Timothy M. Kolman, Esquire
Attorney for Plaintiffs
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134

December 30, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via this Court's CM/ECF system.

                                  KOLMAN LAW, P.C.

BY: *Timothy M. Kolman*
            Timothy M. Kolman, Esquire
            Attorney for Plaintiffs
            414 Hulmeville Avenue
            Penndel, PA 19047
            (215) 750-3134

December 30, 2021

4883-8870-7080, v. 2